# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **GREGORY WAYNE MYLES** | **CIVIL ACTION NO. 18-1470-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JAMES E. STEWART, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gregory Wayne Myles ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on November 9, 2018.  Plaintiff claims his civil rights were violated during his criminal trial proceedings.  He names James E. Stewart, Sr., William C. Gaskins, the Caddo Parish District Attorney's Office, the First Judicial District Court, Mike Spence, Mallory A. Richard, and Dannie Dougharty as defendants.

Plaintiff claims that on January 21, 2016, a Louisiana State Police officer pulled over his vehicle for an illegal lane change and no turn signal.  He claims the officer's dash cam will prove that the stop was illegal.   Plaintiff claims that after he was booked into jail, the Caddo Parish District Attorney placed him on the docket for February 18, 2016.  He claims his parole was automatically revoked in Docket #265423.

On February 18, 2016, the District Attorney charged Plaintiff with Driving while Intoxicated – 4th or subsequent offense [Doc. 1, p.9]. He claims that on March 6, 2008, he was convicted of driving intoxicated -fourth offense and was sentenced to a ten-year prison sentence. Plaintiff claims his due process rights were violated because the same predicate offense was used twice to convict him twice. He claims his parole was unlawfully revoked and he was falsely imprisoned.

On November 16, 2016, Plaintiff pleaded guilty to driving intoxicated – third offense. The trial court sentenced Plaintiff to four years imprisonment at hard labor. The trial court further ordered that one year of the hard labor sentence be served without benefit of probation, parole, or suspension of sentence [Doc. 1, p.12]. Plaintiff states that the conviction he is challenging in this complaint is the November 16, 2016 conviction for third offense DWI [Doc. 16, p. 1].

Plaintiff claims the conviction is invalid because La.C.Cr.P. art. 872(2)j was violated. He claims there was no valid indictment and/or bill of information. He claims the state court failed to properly amend the bill of information to reflect the charge of DWI third offense. He claims he was subjected to double jeopardy. He claims the predicate offenses had already been used to enhance a DWI- Third Offense on June 10, 2003. He claims the sentencing court failed to order the bill of particulars amended in order to cover-up the evidence of double jeopardy in violation of La. C.Cr.P.Art. 488. He claims District Attorney James E. Stewart, Sr. and Assistant District Attorney William Gaskins are

responsible for his false imprisonment.  He also claims Clerk of Court Mike Spence and Assistants Mallory A. Richard and Dannie Dougharty were negligent.

Plaintiff claims he filed he filed two applications for post-conviction relief which were denied by Judge Ramona Emanuel.  He claims the applications should have been granted on the grounds of double jeopardy.

Plaintiff claims the court exceeded its jurisdiction and his custody is unlawful.

On September 27, 2018, the District Attorney charged Plaintiff with simple criminal damage to property in the amount of $1200.00.  Plaintiff claim the unlawful imprisonment caused a felony bill of information to be filed against him.  Plaintiff claims he has been denied bail.

Accordingly, Plaintiff seeks monetary compensation, his release from incarceration, and dismissal of DWI conviction in Docket #337975.

## LAW AND ANALYSIS

### Heck Claim

Plaintiff claims he was wrongly convicted and sentenced because of the actions of Defendants.  Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**District Attorney and Assistant District Attorney**

Plaintiff names District Attorney James E. Stewart, Sr., Assistant District Attorney William C. Gaskins, and the Caddo Parish District Attorney's Office as defendants. He claims they are responsible for his false imprisonment and charged him using prior predicate offenses that had been previously used to convict him. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106

S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney and Assistant District Attorney as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties. Accordingly, Plaintiff's civil rights complaint against District Attorney James E. Stewart, Jr., Assistant District Attorney William C. Gaskins, and the Caddo Parish District Attorney's Office should be dismissed as frivolous.

**Judge Emanuel and the First Judicial District Court**

Plaintiff claims Judge Emanuel wrongly denied his two applications for post-conviction relief. He claims the court exceeded its jurisdiction and his custody is therefore unlawful. Plaintiff cannot maintain these claims against Judge Emanuel and the First Judicial District Court. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial

Page **5** of **9**

functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge.  Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.  Accordingly, Plaintiff's civil rights claims against Judge Emanuel and the First Judicial District Court should be dismissed as frivolous.

**Clerk of Court Mike Spence and Assistants Mallory A. Richard and Dannie Dougharty**

Plaintiff claims Clerk of Court Mike Spence and Assistants Mallory A. Richard and Dannie Dougharty were negligent.  Negligently inflicted injury does not amount to a constitutional violation. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.' " Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Furthermore, Plaintiff's claims are conclusory.  A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains

firmly in place for claims against individual public officials.  See <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so. Accordingly, Plaintiff's claims against Clerk of Court Mike Spence and Assistants Mallory A. Richard and Dannie Dougharty should be dismissed with prejudice as frivolous.

**Habeas Claims**

Plaintiff also seeks dismissal of his DWI conviction and sentence in Docket #337975 and his release from incarceration. Such relief is not available in a civil rights action. <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a).

Plaintiff seeks dismissal of the conviction and release from incarceration and as shown above, that relief is not available in a civil rights action. To the extent Plaintiff seeks the dismissal of the conviction and release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C.

§ 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.  **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against District Attorney James E. Stewart, Jr., Assistant District Attorney William C. Gaskins, the Caddo Parish District Attorney's Office, Judge Emanuel, the First Judicial District Court, Clerk of Court Mike Spence, and Assistants Mallory A. Richard and Dannie Dougharty be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the criminal conviction and sentence and his immediate release—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of December, 2019.

Mark L. Hornsby
U.S. Magistrate Judge